UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GEORGE RAYMOND WHIPPLE,

Petitioner,

v.

DONALD HOLBROOK,

Respondent.

NO: 4:16-CV-05034-SMJ

ORDER DISMISSING HABEAS PETITION

BEFORE THE COURT is a *pro se* "Petition for Writ of Habeas Corpus Under U.S.C. § 2241," ECF No. 3, electronically submitted by Petitioner, a prisoner housed at the Washington State Penitentiary. The $5.00 habeas corpus filing fee was paid. Respondent has not been served.

Petitioner claims to bring this action pursuant to 28 U.S.C. § 2241. However, "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d

ORDER DISMISSING PETITION -- 1

1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

Nevertheless, the Court finds that a habeas petition is not the proper vehicle for the claims Petitioner presents. The "traditional purpose" of habeas corpus is to allow an inmate seeking "immediate or more speedy release" to challenge his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973). Here, Petitioner is essentially complaining about the conditions of his confinement, asserting "cruel and unusual punishment" under the Eighth Amendment.

Because Petitioner does not challenge the constitutional validity or duration of his confinement, his claims are not cognizable in a habeas proceeding. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez,* 411 U.S. at 500. An action pursuant to 42 U.S.C. § 1983 is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.,* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Petitioner does not assert that his state court convictions violate the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the

ORDER DISMISSING PETITION -- 2

petitioner is not entitled to relief in the district court." Here, it is clear that Petitioner is not seeking nor is he entitled to federal habeas relief.

**Therefore, IT IS HEREBY ORDERED:** the Petition, **ECF No. 3**, is **DISMISSED without prejudice.** If Petitioner wishes to challenge the conditions of his confinement, he must file a new and separate civil rights complaint pursuant to 42 U.S.C. § 1983, for which he will be responsible to pay the filing fee under 28 U.S.C. § 1915(b).

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order, enter judgment, forward a copy to Petitioner at his last known address and close the file. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 11th day of May 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge